IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO CASTILLEJA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. _____ |
| V. | § § | |
| TRS STAFFING SOLUTIONS, INC., | § § | COLLECTIVE ACTION |
| DEFENDANT. | § § | (JURY DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Gerardo Castilleja ("Plaintiff" or "Mr. Castilleja"), on behalf of himself and all others similarly situated, files this Original Complaint against TRS Staffing Solutions, Inc. ("Defendant" or "TRS Staffing") and in support thereof would show as follows:

## I.    INTRODUCTION

1.1    TRS Staffing is a staffing company focused on placing employees in the energy and chemicals, infrastructure, power and renewable energy, manufacturing, automotive and metal and mining industries, nationwide.  TRS Staffing manages these same employees at the various projects where it assigns them to work.  They are employees of TRS Staffing.

1.2    Plaintiff is a former employee of TRS Staffing, who performed work as a Construction Quality Control.  Plaintiff was misclassified by Defendant as exempt from the overtime protections and benefits of the Fair Labor Standards Act ("FLSA").

1.3    Plaintiff worked more than forty (40) hours in a work week for Defendant but was not compensated at a rate of time and a half his regular rate of compensation for all hours worked

in excess of forty (40) hours in a work week.  TRS Staffing instead paid Plaintiff his regular rate of pay, not time and a half, for overtime hours worked.  Plaintiff was not compensated on a salary basis.

1.4    Like Plaintiff, employees placed by TRS Staffing to perform duties similar to Plaintiff for TRS Staffing's client companies are/were not compensated at a rate of time and a half their regular rate of compensation for all hours worked in excess of forty (40) hours in a work week.  Instead, TRS Staffing has a written policy and/or implemented practice of paying its placed employees for overtime hours at their regular rate of pay.  Like Mr. Castilleja, the employees placed by TRS Staffing are not compensated on a salary basis.

1.5    Plaintiff brings this action individually and on behalf of all current and former employees placed by Defendant to perform work as Construction Quality Control (or similar positions) for TRS Staffing's client companies nationwide who received straight time instead of time and a half for overtime hours worked in the three years preceding the filing of this lawsuit. Mr. Castilleja seeks to recover overtime compensation, other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the FLSA, as amended, 29 U.S.C. § 201 *et seq.*

1.6    Plaintiff and all others similarly situated demand a jury trial.

## II.    PARTIES

### A.    PLAINTIFF

2.1    Within the last two years, Plaintiff was employed by Defendant within the meaning of the FLSA in Texas.  Mr. Castilleja was employed by TRS Staffing from approximately October 11, 2016 to July 2017.  Plaintiff's Notice of Consent is attached hereto and is being filed herewith.

2.2     The "FLSA Class Members" are all current and former employees placed by Defendant to perform work as Construction Quality Control (or similar positions) for TRS Staffing's client companies nationwide who received straight time instead of time and a half for overtime hours worked in the three years preceding the filing of this lawsuit.  Like Plaintiff, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant.  These collective action members are referred to as "similarly situated."

B.     DEFENDANT

2.3     TRS Staffing is a foreign corporation that does business in the State of Texas and Harris County.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas.  Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), TRS Staffing may be served with Summons and this Complaint through its registered agent: Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.4     Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.5     At all relevant times to this action, Defendant was the employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

2.6     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action and continuing thereafter.

### III.     JURISDICTION AND VENUE

3.1     Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by

the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because, among other reasons, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

## IV.    FACTUAL BACKGROUND

4.1     TRS Staffing is a staffing company focused on placing employees in the energy and chemicals, infrastructure, power and renewable energy, manufacturing, automotive and metal and mining industries, nationwide.

4.2     TRS Staffing manages these same employees at the various projects where it assigns them to work.  They are employees of TRS Staffing.

4.3     The employees execute employment agreements with Defendant and are identified as employees of TRS Staffing in their employment agreements with Defendant.

4.4     Plaintiff is a former employee of TRS Staffing.

4.5     Plaintiff executed an employment agreement with TRS Staffing.

4.6     Plaintiff was placed by TRS Staffing to perform work at Fluor in Baytown, Texas and was given the job title of Construction Quality Control by Defendant.

4.7     TRS Staffing controlled the hours to be worked by Plaintiff.

4.8     TRS Staffing supervised the work to be performed by Plaintiff.

4.9     TRS Staffing maintained communication with Plaintiff while Plaintiff performed work at Fluor.

4.10    Plaintiff was treated and held out by TRS Staffing as an employee of Defendant and Plaintiff performed job duties which reflected such status.

4.11   Plaintiff was not compensated by TRS Staffing on a salary basis.

4.12   Plaintiff's employment arrangement with TRS Staffing did not include a guarantee of at least $455 per work week regardless of the number of hours, days or shifts worked by Plaintiff.

4.13   Plaintiff was paid on an hourly basis by Defendant.

4.14   Plaintiff's timesheets reflect that Plaintiff regularly worked more than forty (40) hours per work week.

4.15   Although Defendant required Plaintiff to work more than forty (40) hours per work week, Defendant did not compensate Plaintiff at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  That is, Defendant did not compensate Plaintiff for overtime hours at the appropriate rate.

4.16   By way of example only, during the pay period of May 20, 2017 to May 26, 2017, Plaintiff worked 88 hours.  This is reflected in Mr. Castilleja's Earning Statement and TimeSheet for that pay period.  Mr. Castilleja's Earning Statement for that pay period reflect that Defendant did not compensate Mr. Castilleja at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  Instead, for his overtime hours, TRS Staffing paid Mr. Castilleja his regular rate of pay.

4.17   No FLSA exemption applies to employees who performed the job duties of Plaintiff.

4.18   The primary job duty of Plaintiff, as Construction Quality Control, was to assist in implementing and applying the client companies' manuals under the supervision of, and subject to the policies and protocol of, TRS Staffing.  Plaintiff's job duties were primarily manual, non-office, labor that did not involve supervisory or managerial functions.

4.19     Plaintiff was a nonexempt employee entitled to overtime wages under the FLSA.

4.20     During the relevant period, Defendant has been subject to the requirements of the FLSA.

4.21     TRS Staffing failed to comply with the FLSA in that Plaintiff performed services for Defendant, and he was not properly compensated for those hours worked in excess of forty (40) hours within a work week.  Plaintiff was not paid at one and one-half of his regular rate of pay for all hours worked in excess of forty (40) per work week as required by the FLSA.

4.22     The conduct of Defendant, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiff.

## V.     COLLECTIVE ACTION ALLEGATIONS

5.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2     Other employees similarly situated to Plaintiff were not paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.3     During the relevant period, TRS Staffing has placed at least 25 employees to perform work as Construction Quality Control (or similar positions) for TRS Staffing's client companies nationwide.

5.4     During the relevant period, TRS Staffing has placed at least 50 employees to perform work as Construction Quality Control (or similar positions) for TRS Staffing's client companies nationwide.

5.5     Such workers worked more than forty (40) hours per work week during at least one week in the last three years.

5.6     Like Plaintiff, such workers were not paid overtime for all hours worked in excess of forty (40) per work week.

5.7     Like Plaintiff, such workers were paid their regular rate of pay for all hours worked in excess of forty (40) per work week

5.8     Like Plaintiff, such workers perform or have performed responsibilities that do not fall under any applicable exemption.

5.9     Such workers are not exempt from receiving overtime pay under the FLSA.

5.10    As such, such workers are similar to Plaintiff in terms of pay structure and/or the denial of overtime pay.

5.11    These other similarly situated employees are being denied and have been denied their lawful wages.  Accordingly, Defendant's pattern or practice of failing to pay its employees overtime pay (at time and one-half) as required by the FLSA results from Defendant's general application of policies and practices and does not depend on the personal circumstances of Plaintiff and those similarly situated.

5.12    The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  The class is properly defined as:

> **All current and former employees placed by Defendant to perform work as Construction Quality Control (or similar positions) for TRS Staffing's client companies nationwide who received straight time instead of time and a half for overtime hours worked in the three years preceding the filing of this lawsuit.**

5.13    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.14    Plaintiff requests that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be

distributed.

5.15    Plaintiff seeks equitable tolling to protect the rights of those similarly situated.

5.16    Plaintiff seeks to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.17    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.18    Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated.  Plaintiff has retained counsel competent, experienced in complex wage and hour matters and collective actions.

## VI.    VIOLATIONS OF THE FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2    Plaintiff and all others similarly situated are non-exempt employees employed by Defendant.

6.3    Plaintiff and all others similarly situated are entitled to overtime pay at a rate of time and one-half for all hours in excess of forty (40) hours worked during each seven-day work week.

6.4    Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours per work week.

6.5    Defendant has not made a good faith effort to comply with the FLSA.

6.6    No exemption excused Defendant from paying Plaintiff and all others similarly situated, overtime pay for all of the hours worked over forty (40) per work week.

6.7     Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiff and to all other similarly situated employees.

6.8     Plaintiff and all others similarly situated seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII.   JURY DEMAND

7.1     Plaintiff and all others similarly situated hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiff and all those similarly situated to him who have or will opt into this action, respectfully prays that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiff and all others who opt-in to this action recover the following:

a.     an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b.     damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

c.     liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

d.     all applicable penalties for the violations set forth herein;

e.     an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;

f.     an award of pre-judgment and post-judgment interest at the highest rate permitted by

law; and

g.      such other and further relief, at law or in equity, as this Court deems just and appropriate.

Dated:   April 2, 2018
         Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC


By: */s/ J. Moises Cedillos*
    J. Moises Cedillos
    State Bar No. 24080828
    Southern District I.D. No. 1531827
    3801 Kirby Dr., Suite 510
    Houston, Texas 77098
    (832) 900-9456
    (832) 900-9456 (fax)
    moises@cedilloslaw.com

    ATTORNEY FOR PLAINTIFF